UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RANDY HOOKS,

    Plaintiff,

v.                         605CV065

GLENN RICH, Warden, et al.,

    Defendants.

## ORDER

### I. BACKGROUND

The issue in this excessive-force, 42 U.S.C. § 1983 prisoner case is whether to grant the defendant prison officials' 28 U.S.C. § 1292(b), interlocutory-appeal motion. Represented by counsel, inmate-plaintiff Randy Hooks alleged in his complaint that he was brutalized by prison guards in violation of, *inter alia*, his Eighth Amendment rights. Doc. # 1. Defendant R.D. Collins moved to dismiss on, *inter alia*, jurisdictional grounds, arguing that Hooks failed to administratively exhaust his claims as required by 42 U.S.C. § 1997e(a).[1]

He argued, among other things, that Hooks failed to expressly name Collins and other defendants in his prison grievance. Doc. # 4; # 5-1 at 16-20.

Hooks responded that he complied as best he could, naming all officials then reasonably known to him. He added that identifying all those in the supervisorial responsibility chain is not necessary because they know who they are, especially in this, a publicized case. Doc. # 6 at 6 ("The purpose of the grievance procedure is to put the prison on notice of the event and it is not a requirement that every possible party who might be liable be expressly named in the grievance especially where the Plaintiff did not and could not have known of the deliberate indifference or condoning of the beatings by the ultimate decision makers"); *see also* http://www.ajc.com/news/content/metro/0605/02guard.html ("Prison guard says he had to speak up about abuse") (site as of 1/17/06); http://www.november.org/stay info/ breaking

---

[1] Under the Prison Litigation Reform Act ("PLRA") of 1995,

> "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (*citing Booth*, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Plaintiff may not exhaust while the suit is pending. *McKinney*, 311 F.3d at 1199-1201.

*Mullicane v. Marshall*, 2005 WL 3299079 at * 1 (E.D.Cal. 12/1/05) (unpublished).

3/GAPrisons.html (Georgia Bureau of Investigation is investigating Hooks's prison for brutality incidents) (site as of 1/17/06).

He also argued that the exhaustion requirement is not jurisdictional. *Id.* at 4-5. Defendant Glenn Rich then joined with Collins by moving for Judgment on the Pleadings, raising the same exhaustion/jurisdiction grounds. Doc. # 10. However, both sides submitted and cited to matters outside of the pleadings. Doc. # 5-1 at 17; # 6, Attachment A; *see also* doc. ## 19, 20 (later-filed affidavits).

In response, the Magistrate Judge (MJ) converted defendants' F.R.Civ.P. 12(b)(1) (no jurisdiction)/12(b)(6) (failure to state a claim) motion to one for summary judgment. Doc. # 13. Later joined by Rich, Collins moved for leave to interlocutorily appeal. Doc. ## 17, 21.

Ostensibly, defendants were seeking to appeal the MJ's conversion (from Rule 12 to F.R.Civ.P. 56), but in substance they wanted to ask the Eleventh Circuit to rule on the jurisdictional issue. *See* doc. # 17 at 1-2 ("As the Court notes, the 11th Circuit has not yet ruled on the issue of whether an allegation of failure to exhaust under 42 U.S.C. § 1997e(a) should be considered a motion to dismiss for lack of *jurisdiction* or a motion to dismiss for failure to state a claim") (emphasis added).

Opposing that, plaintiff argued that his is but one of 15 brutality cases now pending before this Court, interlocutory appeals are supposed to be rare, and the defense is simply engaging in a stall tactic by exploiting a patently non-§ 1292(b)-worthy issue. Doc. # 18 at 3-4.

In his ensuing Report and Recommendation (R&R), the MJ acknowledged that the jurisdictional issue remains first-impression with the Eleventh Circuit. Nevertheless, he refused to recommend § 1292(b) certification because (a) all the courts that have reached this issue have ruled that exhaustion is not a jurisdictional requirement; (b) Eleventh Circuit jurisprudence has developed in harmony with those rulings; and (c) resolving that issue now would not materially advance the termination of this litigation -- a prime § 1292(b) prerequisite. Doc. # 22. Objecting to the R&R, Collins restates the arguments contained in his pre-R&R, interlocutory-appeal motion. Doc. # 24.

## II. ANALYSIS

Certification for Interlocutory Appeal requires that: (1) the order certified "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *accord McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004).

It is conspicuous that defendants have yet to cite *any* court decision holding that exhaustion is a jurisdictional requirement, rather than affirmative (hence, waivable) defense. In that regard, the latest published appellate statement on this issue is *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005) (citing earlier precedent that § 1997e(a)'s exhaustion requirement is *not* a jurisdictional requirement that plaintiff must plead and establish; instead, the requirement establishes an affirmative defense, which is waived if defendant does not raise it); *see also Johnson v. California*, 125 S.Ct. 1141, 1159 n. 1 (2005) (Thomas, J., dissenting) ("The majority thus assumes that statutorily mandated exhaustion is not jurisdictional....").[2]

---

[2] Closely related is the total-exhaustion rule: If an inmate advances exhausted and unexhausted claims that are

2

The Eleventh Circuit says only that while

> most courts addressing this issue have decided that § 1997e(a) is not a jurisdictional mandate, we have not decided this question directly. Thus, we have not determined whether the district court should dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (for lack of subject matter jurisdiction) or 12(b)(6) (for failure to state a claim for which relief can be granted).

*Chandler v. Crosby*, 379 F.3d 1278, 1286 n. 16 (11th Cir. 2004) (quotes and cites omitted). Otherwise, the MJ is correct in noting a variety of Eleventh Circuit cases in harmony with the "*Lira*" approach. *See* doc. # 22 at 4-6.

---

related, should a court dismiss his entire case outright and force him to re-file with only 100% unexhausted claims, thus requiring him to pay another filing fee and possibly imperil claims subject to limitations statutes? Or should the court dismiss the case outright but simultaneously grant him leave to amend so that he can shed his unexhausted claims? How about simply dismiss the unexhausted claims but retain the exhausted claims? *See Beltran v. O'Mara*, ___ F.Supp.2d ___, 2005 WL 3475693 at * 14 (D.N.H. 12/20/05) ("defendants argue that Beltran's failure to exhaust some of the claims in his complaint requires dismissal of the entire action. Three circuits have interpreted section 1997e(a) to impose this 'total exhaustion' requirement. Two other circuits, however, have expressly rejected such a rule") (cites omitted); *Lira*, 427 F.3d at 1176 (when a mixed complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle, dismissal of the defective complaint with leave to amend to allege only the fully exhausted claim is the proper approach); *Campbell v. Chaves*, ___ F.Supp.2d ___, 2005 WL 3211561 at * 7 (D.Ariz. 11/28/05).

Inmates also face a procedural default component; they must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005).

The MJ also principally relies on 42 U.S.C. § 1997e(c)(2) to recommend that this Court deny the interlocutory-appeal motion:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim *without* first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2) (emphasis added). This provision, the MJ reasons, would "make no sense if the exhaustion requirement were jurisdictional in nature." 605CV065 doc. # 22 at 4. In other words, if there is no jurisdiction, then how could a court dismiss facially baseless claims on the merits? *Id.*

Defendant Collins tenders no response to this otherwise cogent reasoning. Unless a "threshold issue" like prudential standing or non-justiciability is presented, a court must address questions pertaining to its own jurisdiction before reaching the merits of a case. *Tenet v. Doe*, 125 S.Ct. 1230, 1235 n. 4 (2005); *Whiteman v. Dorotheum GmbH & Co. KG*, 431 F.3d 57, 74 n. 18 (2nd Cir. 2005). Were 42 U.S.C. § 1997e(c)(2) viewed as a jurisdictional requirement, courts would be prevented from complying with its command to reach the merits lest they tread into the advisory-opinion based, "hypothetical jurisdiction" territory forbidden by *Tenet* and *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998).

As the *Lira* court explained, Congress parsed the wording between the various PLRA statutes, now reflected in 28 U.S.C. § 1915 and § 1997e, in some cases barring "claims," and in other places "actions," depending on various preconditions. *See Lira*, 427 F.3d at 1170-75.

3

It is difficult to reconcile the clear intent of § 1997e(c)(2)'s command to dismiss facially frivolous *claims* with the argument that one unexhausted claim is fatal to jurisdiction (hence, dismiss the entire *action*, albeit without prejudice). This Court thus agrees with the MJ that there is no substantial ground for difference of opinion on this issue, so appealing it is simply *not* likely to materially advance early termination of this case, much less its companion cases now on the Court's docket.

Note that, in his interlocutory-appeal motion's "Conclusion," Collins -- mistakenly, it seems -- reduces his request to a patently non-§ 1292(b)-worthy issue.

> Defendant respectfully moves this Court to grant [defendants'] interlocutory appeal on the issue of whether it is appropriate for a District Court to convert a Motion to Dismiss to a Motion for Summary Judgment where an inmate alleges that he has exhausted his administrative remedies under 42 U.S.C. §1997e(a) and Defendants offer evidence to the contrary or should the District Court be allowed to consider evidence outside the pleadings without converting the motion?

Doc. # 17 at 5. So framed, this is really just a plain-vanilla procedural beef over whether a 12(b)(6) motion should be converted into an F.R.Civ.P. 56 motion because someone cited to matters outside of the pleadings. *That* is definitely not a § 1292(b)-worthy issue since it was long ago resolved and presents a wrinkle that courts routinely iron out. *See, e.g., Miller v. Tanner*, 196 F.3d 1190, 1192 n. 5 (11th Cir. 1999). But in the body of his interlocutory-appeal motion, Collins argues what the MJ correctly interprets to be the real issue here:

> The issue of whether a motion to dismiss under the [PLRA] should be considered as a motion to dismiss for *lack of jurisdiction* or as a motion to dismiss for failure to state a claim has not yet been resolved by this Circuit. As a result there has been inconsistent treatment of the issue in this Court as well as other District Courts in this Circuit.[3] If the issue is not addressed through interlocutory appeal, it will evade review as the issue will become moot once the case proceeds. Should the Circuit Court determine the matter should be considered as jurisdictional, the District Court as well as the parties could be saved considerable time on similar issues on this case and the ones to follow.

Doc. # 17 at 2 (emphasis and footnote added). As noted above, the Court does not find this issue to be worthy of an interlocutory appeal.

### III. CONCLUSION

The Court reviews R&R objections under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); F.R.Civ.P. 72(a); S.D.GA.LOC.R. 72.2. Defendant R.D. Collins has failed to show that the R&R is contrary to law. Accordingly, the Court **OVERRULES** his Objection (doc. # 24), **ADOPTS** the R&R (doc. # 22) and **DENIES** motions ## 17 and 21.

This 17 day of January, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Again, it is conspicuous that defendant cites *not one* case to back this claim up.